Laura Sixkiller, SBN 022014
laura.sixkiller@gtlaw.com
Kacie M. Donovan, SBN 037093
kacie.donovan@gtlaw.com
GREENBERG TRAURIG, LLP
2375 E. Camelback Road, Suite 800
Phoenix, AZ  85016
Tel: (602) 445-8000
Fax: (602) 445-8100

*Attorneys for Defendant/Counterclaimant
Lisa Frank, Inc. and Defendant Lisa Frank*

# UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Glamour Dolls, Inc., <br><br>　　　　　Plaintiff, <br>v. <br>Lisa Frank, Inc.; and Lisa Frank, in her individual and corporate capacity <br>　　　　　Defendants. | Case No. 4:21-CV-0228-TUC-SHR <br><br>**DEFENDANT LISA FRANK'S MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(b)** <br><br>(Oral Argument Requested) |
| Lisa Frank, Inc., <br><br>　　　　　Counterclaimant, <br>vs. <br>Glamour Dolls, Inc., <br>　　　　　Counterdefendant. | |

Defendant Lisa Frank, by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 54(b)[1], hereby request the Court enter final judgment on all claims against Ms. Frank because there is no just reason for delay.[2]

///

---

[1] Hereafter, the Fed. R. Civ. P. will be referred to simply as Rule " ".

[2] Over at least the last month, Ms. Frank, through counsel, conferred with counsel for Plaintiff Glamour Dolls, Inc. ("GDI") about whether GDI would stipulate to this Motion. GDI did not provide its position before Ms. Frank's filing of this Motion.

707213378

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. THERE IS NO JUST REASON TO DENY ENTRY OF FINAL JUDGMENT BECAUSE SUMMARY JUDGMENT DISPOSED OF ALL CLAIMS AGAINST MS. FRANK.

Ms. Frank, with the support of Defendant/Counterclaimant Lisa Frank, Inc. ("LFI"), seeks entry of final judgment in her favor under Rule 54(b). "[W]hen an action presents more than one claim for relief...or when multiple parties are involved, the court may direct entry of final judgment as to one or more, but fewer than all, claims or parties only if the court determines there is no just reason for delay." Rule 54(b). This Rule "was adopted specifically to avoid the possible injustice of delay[ing] judgment o[n] a distinctly separate claim [pending] adjudication of the entire case." *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015)[3].

In analyzing whether an entry of final judgment under Rule 54(b) is appropriate, the court must first determine it has rendered a final judgment, or an "ultimate disposition" of an individual claim or claims. *Teamsters Loc. 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 633 F. Supp. 2d 763, 832 (D. Ariz. 2009), *judgment vacated in part on reconsideration*, 690 F. Supp. 2d 959 (D. Ariz. 2010). Next, the court must determine, in its sound discretion, whether there is "no just reason for delay," which involves weighing the judicial concerns and equitable concerns. *Id.* In doing so, courts assess whether the "certified order is sufficiently divisible from the other claims such that the case would not inevitably come back to th[e] court on the same set of facts. *Jewel*, 810 F.3d 622 at 628. "This inquiry does not require the issues raised on appeal be completely distinct from the rest of the action, so long as resolving the claims would streamline the ensuing litigation." *Id*.

### A. Lisa Frank Received an Ultimate Disposition By Way of Summary Judgment.

GDI's First Amended Complaint asserted eight causes of action against both Defendants: (1) breach of contract; (2) breach of duty of good faith and faith dealing; (3)

---

[3] Unless otherwise noted, all internal citations are omitted.

fraud; (4) unjust enrichment; (5) business defamation; (6) violations of the Lanham Act; (7) trade libel; and (8) tortious interference. *See* Doc. 28. A ninth claim for piercing the corporate veil was asserted solely against Ms. Frank. *Id*. at 31. The Court's August 4, 2022 Order Re: Defendants' Motion to Dismiss First Amended Complaint dismissed in part the breach of contract claim against Defendants, leaving only three breach theories. *See* Doc. 41 at 26.

After discovery closed, Defendants filed a comprehensive motion for summary judgment, challenging each of GDI's remaining claims, among other matters. *See* Docs. 89, 90, 95. The Court's September 23, 2024 Order Re: Defendants' Motion for Summary Judgment resolved all of the remaining nine claims asserted by GDI against Ms. Frank in her favor and against GDI. *See generally* Doc. 97. As such, no claims remain pending against Ms. Frank, and she has obtained an "ultimate disposition" justifying a Rule 54(b) Judgment. *Wood v. GCC Bend, LLC*, 422 F.3d 873, 880 (9th Cir. 2005) (Decisions that "completely extinguished the liability of certain parties" may be more easily treated as ultimate dispositions.)

**B.  There is No Just Reason for Delaying Entry of Judgment in Ms. Frank's Favor.**

The balance of equities also weighs in favor of entering Rule 54(b) Judgment in Ms. Frank's favor because doing so does not present a realistic chance of piecemeal or redundant appeals. While GDI's claims against Ms. Frank and LFI arise from the same nucleus of facts, the theories for liability are distinct, as were the Court's bases for granting summary judgment. Moreover, where there is any overlap, GDI waived any appellate challenges on those issues. *Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (plaintiff waived challenge to claims that were not raised in opposition to defendant's motion for summary judgment); *U.S. v. Kitsap Physicians Service*, 314 F.3d 995, 999 (9th Cir. 2002) (finding failure to present evidence to the district court in opposition to the motion for summary judgment, either in written briefs and affidavits or at the summary judgment hearing, waives the argument on appeal); *Novato Fire Prot.*

3

707213378

*Dist. v. United States*, 181 F.3d 1135, 1141 n.6 (9th Cir. 1999) (failure to raise issue at summary judgment waives right to raise issue on appeal). Thus, there is no realistic risk of piecemeal appeals. *See Wood*, 422 F.3d at 881 ("Both the Supreme Court and our court have upheld certification on one or more claims despite the presence of facts that overlap remaining claims when, for example…the case is complex and there is an important or controlling legal issue that cuts across (and cuts out or at least curtails) a number of claims").

For example, the Court awarded summary judgment to Ms. Frank on Count One – Breach of Contract – "[b]ecause it is undisputed [Ms.] Frank was not a party" to the Licensing Agreements (upon which this entire lawsuit is based). *See* Doc. 97 at 7; *see also id.* at 2, 3. As to Count Two – Breach of the Covenant of Good Faith and Fair Dealing – the Court noted "it is undisputed GDI lacks any documentary evidence to establish damages . . ." and found the failure to present evidence of damages was dispositive. *See id.* at 11-12. Moreover, because, as the Court found, it was undisputed that Ms. Frank was not a party to the Licensing Agreements, GDI cannot pursue the claim against Ms. Frank for breach of the covenant of good faith and fair dealing implied in the Licensing Agreements. *Rawlings v. Apodaca*, 151 Ariz. 149, 153, 726 P.2d 565, 569 (1986); *see also Kitsap Physicians Service*, 314 F.3d at 999.

Similarly, with regard to Count Three – Fraud – the record shows the only statements allegedly made by Ms. Frank that GDI raised at summary judgment were ones that GDI admitted were made on or before May 14, 2018, with GDI "not contest[ing] it discovered it was aggrieved at any time after May 14, 2018." *See* Doc. 97 at 13-14. Based on GDI's concessions, the Court granted summary judgment in favor of Ms. Frank because the statements GDI alleges that Ms. Frank made were time barred. *See id.* at 14. The Court further found that even if not time barred, GDI failed to present any evidence to establish the time barred statements were made with the present intention not to perform. *Id*. Having failed to present evidence to contest these findings by the Court, GDI has waived the right to appeal these conclusions. *Kitsap Physicians Service*, 314 F.3d

LAW OFFICES
**GREENBERG TRAURIG**
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

at 999.

The only other representation examined by the Court in connection with Count Three did not involve Ms. Frank at all. Rather, it was based on three emails between LFI Senior Vice President Janice Ross and GDI's founder, Peter Georgotas, *See* Doc. 97 at 14-15. As such, the bases for granting summary judgment in Ms. Frank's favor and in LFI's favor on GDI's fraud count are entirely separate and distinct. Even if, *in arguendo*, there is overlap with Ms. Frank (there is not), GDI waived its right to appeal the Court's dismissal of this theory because GDI failed to present evidence to support several elements of this claim in opposition to the summary judgment motion, including evidence to support that the representation was even made, much less that it was made knowing of their falsity or ignorance of their truth or that GDI relied on the alleged representation in a manner that caused injury. *See id*. at 15; *see also Jenkins*, 398 F.3d at 1095 n.4; *Kitsap Physicians Service*, 314 F.3d at 999; *Novato*, 181 F.3d at 1141 n.6.

Regarding Count Four – Unjust Enrichment – the Court found "GDI has not provided evidence to show 'it was intended or expected that the services be rendered or the benefit conferred gratuitously' and [i]n fact, the evidence GDI cites establishes the opposite (i.e., GDI knew [Ms.] Frank would benefit because of this contract with LFI)" [i.e., the Licensing Agreements] and thus Ms. Frank was entitled to summary judgment. *See* Doc. 97 at 17. This was distinct from the legal basis upon which the Court granted summary judgment for LFI (i.e., because GDI sought damages from the same rights and obligations as the contract claim). *See id.*

Likewise, the Court's analysis on Count 5 – Defamation – was distinct as to Ms. Frank. For this count, the Court found summary judgment in Ms. Frank's favor was appropriate because GDI did not present any evidence that "she made or restated the defamatory statements at issue, and GDI does not make any such allegations." *Id.* at 23.

With respect to Counts 6 through 8, GDI did not present any argument, evidence, or other defense to these claims in response to Defendants' Motion for Summary Judgment. *See* Doc. 95 at 2; Doc. 97 at 24-26. As such, GDI has waived any appellate

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 800
PHOENIX, ARIZONA 85016
(602) 445-8000

707213378

review of this Court's grant of summary judgment and thus there is no risk of piecemeal or successive appeals as it relates to these claims. *Jenkins*, 398 F.3d at 1095 n.4; *Kitsap Physicians Service*, 314 F.3d at 999; *Novato*, 181 F.3d at 1141 n.6.

Finally, Count 9 – Alter Ego – was pleaded only as to Ms. Frank, and the issues raised by Plaintiff in its effort to pierce the corporate veil are unique to this claim. *See* Doc. 28 at 31. In short, this ruling, like the Court's other rulings on summary judgment regarding Ms. Frank, is separable from the remaining issues between LFI and GDI. *Wood* 422 F.3d at 880, 881.

## II.   CONCLUSION

For the foregoing reasons, the Court should enter final judgment in the form lodged by Ms. Frank as to GDI's claims against Ms. Frank because there is no just reason for delay. The most efficient use of the Court's and the parties' resources would be to allow GDI and LFI to focus their time and efforts on the claims remaining between GDI and LFI.

Respectfully submitted this 13th day of February, 2025.

**GREENBERG TRAURIG, LLP**

By: /s/ *Laura Sixkiller*
Laura Sixkiller
Kacie M. Donovan
laura.sixkiller@gtlaw.com
kacie.donovan@gtlaw.com
*Attorneys for Defendant/Counterclaimant Lisa Frank, Inc. and Defendant Lisa Frank*

707213378

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of February, 2025, I electronically transmitted the foregoing instrument to the Clerk of the Court, using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

Jordan Susman
Margo Arnold
NOLAN HEIMANN LLP
6000 Ventura Blvd., Ste. 1200
Encino, CA 91436
jsusman@nolanheimann.com
marnold@nolanheimann.com
*Attorneys for Plaintiff/Counterdefendant*

By: /s/ Karen Jones

7

707213378

# UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Glamour Dolls, Inc., <br>              Plaintiff, <br> v. <br> Lisa Frank, Inc.; and Lisa Frank, in her individual and corporate capacity <br>              Defendants. | Case No. 4:21-CV-0228-TUC-SHR <br><br> **JUDGMENT FOR DEFENDANT LISA FRANK** |
| Lisa Frank, Inc., <br>              Counterclaimant, <br> vs. <br> Glamour Dolls, Inc., <br>              Counterdefendant. | |

      The Court, by order dated August 4, 2022, dismissed in part the breach of contract claim against Defendant Lisa Frank. The Court, by order dated September 23, 2024, granted summary judgment in favor of Defendant Lisa Frank and against Plaintiff Glamour Dolls, Inc. on all remaining claims asserted against Defendant Lisa Frank.

      The foregoing orders resolved all pending claims asserted in this action between Plaintiff Glamour Dolls, Inc. on the one hand, and Defendant Lisa Frank, on the other hand.

      The Court, having fully adjudicated all claims covering Defendant Lisa Frank, and there being no just reason for delay states as follows:

707212166

**IT IS THEREFORE ORDERED** that judgment be entered pursuant to Rule 54(b), Fed. R. Civ. P. in favor of Defendant Lisa Frank on all claims brought against her by Plaintiff Glamour Dolls, Inc. in the above-captioned matter.

**IT IS HEREBY FURTHER ORDERED** that pursuant to Rule 54(d)(2), Fed. R. Civ. P., Defendant Lisa Frank shall have fourteen (14) days from the date of entry of this judgment to move for an award her attorneys' fees and related nontaxable expenses.

**IT IS HEREBY FURTHER ORDERED** that pursuant to Rule 54(d)(1), Defendant Lisa Frank shall have fourteen (14) days from the date of entry of this judgment to submit a bill of her taxable costs.

DATED this _____ day of _____, 2025.

_____
Honorable Scott H. Rash
United States District Judge

707212166